**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4128**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARRYL SYLVESTER PRICE, JR.,

Defendant - Appellant.

**No. 17-4129**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARRYL SYLVESTER PRICE, JR.,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:12-cr-00096-WO-2; 1:16-cr-00198-WO-1)

Submitted: August 29, 2017                    Decided: September 7, 2017

Before GREGORY, Chief Judge, and SHEDD and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Darryl Sylvester Price appeals: (1) his conviction and sentence entered pursuant to his guilty plea to possessing ammunition after having been convicted of a felony, 18 U.S.C. § 922(g)(1) (2012) and, (2) the revocation of his supervised release and resulting sentence. In a prior proceeding, Price was sentenced to 44 months' imprisonment, followed by three years of supervised release, for possession of ammunition after being convicted of a felony. He began his term of supervised release on July 17, 2015. In October 2015, Price's probation officer filed a petition to revoke Price's supervised release based on Price's conviction in state court of misdemeanor possession of drug paraphernalia and an arrest for possession of a firearm as a convicted felon. At the revocation hearing, Price admitted the violations.

In June 2016, Price was indicted for violating 18 U.S.C. § 922(g), based on the same conduct underlying his October 2015 state arrest; he pled guilty without a plea agreement. The two proceedings were consolidated for sentencing. The court imposed a sentence of 46 months' imprisonment on the § 922(g) offense and a consecutive 24-month sentence upon revocation of Price's supervised release. Price appeals. His counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Price's guilty plea to the § 922(g) offense was knowing and voluntary. Although advised of his right to file a pro se supplemental brief, Price has not done so.

In his *Anders* brief, counsel questions whether Price's guilty plea was knowingly and voluntarily entered. Before accepting a guilty plea, the district court must conduct a

3

plea colloquy in which it informs the defendant of, and determines that he comprehends, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, any mandatory minimum penalty, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea is voluntary in that it did not result from force, threats, or promises outside the plea agreement, and is supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3).

At his Fed. R. Crim. P. 11 hearing, Price stated he was not under the influence of any medications or alcohol, that he understood the nature of the proceedings, the potential sentence he faced, the rights he was giving up by pleading guilty, the consequences of his guilty plea, and that he was, in fact, guilty. Price also stated that no one had threatened or promised him any leniency in order to pressure him to plead guilty, that he had had an opportunity to discuss it with his attorney, and that he was fully satisfied with counsel's service and advice. The district court determined that Price's plea was knowingly and voluntarily entered and that it was supported by a factual basis. Our review of the transcript reveals that the district court fully complied with the requirements of Rule 11, that a factual basis supported the plea, and that Price's plea was knowingly and voluntarily entered. Accordingly, we find that Price's guilty plea was valid.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues in either appeal. We therefore affirm Price's conviction, the revocation of his supervised release, and his sentences. This court

4

requires that counsel inform Price, in writing, of the right to petition the Supreme Court of the United States for further review. If Price requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Price.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*